NO. 22-2613

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Appellee

v.

DARRON HENDERSON,
Appellant

APPEAL FROM JUDGMENT OF CONVICTION AND SENTENCE
IN CRIMINAL NO. 21-00184 IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIEF FOR APPELLEE UNITED STATES OF AMERICA

JACQUELINE C. ROMERO
United States Attorney

ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

MICHAEL MILLER
Assistant United States Attorney
SHANNON ZABEL
Special Assistant United States Attorney

615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8312

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ...................................................1

    I.    Subject Matter Jurisdiction ..........................................1

    II.    Appellate Jurisdiction ..................................................1

STATEMENT OF ISSUE ..............................................................2

STATEMENT OF THE CASE ........................................................3

    I.    Procedural History .......................................................3

    II.    Statement of Facts .......................................................3

STATEMENT OF RELATED CASES ...............................................7

SUMMARY OF ARGUMENT .......................................................8

ARGUMENT............................................................................9

    ROBBERY IN VIOLATION OF 18 PA. CONS. STAT.
    § 3701(a)(1)(ii) IS A "CRIME OF VIOLENCE" UNDER
    USSG 2K1.1(a) AND 4B1.2(a) ...........................................9

        A.    The Pennsylvania Robbery Statute is
             Divisible ......................................................... 10

        B.    Subsection (ii) Robbery Qualifies Under
             the Elements Clause.......................................16

        C.    Subsection (ii) Presents a "Crime of Violence"
             Under the "Elements Clause."......................... 25

CONCLUSION.........................................................................35

# TABLE OF AUTHORITIES

## Cases

*Borden v. United States,*
141 S. Ct. 1817 (2021) ........................................................ 18

*Com. v. Black,*
380 A.2d 911 (Pa. Super. 1977) ......................................... 20

*Com. v. Fisher,*
2015 WL 9306912 (Pa. Super. 2015) ................................... 21

*Com. v. Kesting,*
417 A.2d 1262 (Pa. Super. 1979) ...................................... 34

*Com. v. Mayfield,*
832 A.2d 418 (Pa. 2003) .................................................... 20

*Com. v. Payne,*
868 A.2d 1257 (Pa. Super. Ct. 2005) ...................... 14, 15, 19

*Com. v. Prosdocimo,*
578 A.2d 1273 (Pa. 1990) ................................................... 12

*Com. v. Rivera,*
2013 WL 11287687 (Pa. Super. Ct. 2013) ...................... 13, 21

*Com. v. Robinson,*
549 A.2d 977 (Pa. Super. 1988) .......................................... 19

*Commonwealth v. Ouch,*
199 A.3d 918 (Pa. Super. Ct. 2018) .................................... 22

*Commonwealth v. Spurell,*
2016 WL 3223653 (Pa. Super. Ct. 2016) ............................. 22

*Commonwealth v. Thomas,*
546 A.2d 116 (Pa. Super. Ct. 1988) ............................... 21, 22

*Esquivel-Quintana v. Sessions,*
      137 S. Ct. 1562 (2017) ......................................................... 26

*Johnson v. United States,*
      559 U.S. 133 (2010) ............................................................... 18

*Johnson v. Zerbst,*
      304 U.S. 458 (1938) ............................................................... 10

*Larios v. Att'y Gen. United States,*
      978 F.3d 62 (3d Cir. 2020) ............................................... 20, 21

*Mathis v. United States,*
      136 S. Ct. 2243 (2016) ............................................................12

*McElyea v. State,*
      189 S.W.3d 67 (Ark. App. 2004), *aff'd,*
      200 S.W.3d 881 (Ark. 2005) ................................................ 28

*Moncrieffe v. Holder,*
      569 U.S. 184 (2013) ................................................................17

*People v. Chessman,*
      75 A.D.2d 187,
      429 N.Y.S.2d 224 (1980) ..................................................... 29

*Quarles v. United States,*
      139 S. Ct. 1872 (2019) ......................................................... 33

*Samantar v. Yousuf,*
      560 U.S. 305 (2010) ................................................................31

*State v. Batista,*
      922 A.2d 1116 (Conn. App. 2007) ...................................... 28

*State v. Belue,*
      902 P.2d 489 (Idaho 1995) ................................................. 29

*State v. Farley,*
      290 N.W.2d 491 (S.D. 1980) ............................................... 29

*State v. Sewell,*
    603 A.2d 21 (N.J. 1992) ............................................................ 29, 30

*State v. Tolliver,*
    19 N.E.3d 870 (Ohio 2014) ............................................................. 28

*State v. Wilkerson,*
    738 S.E.2d 32 (W. Va. 2013) .......................................................... 28

*State v. Wright,*
    608 S.W.3d 790 (Mo. Ct. App. 2020) ............................................. 28

*Stokeling v. United States,*
    139 S. Ct. 544 (2019) .................................................................30-33

*United States ex rel. O'Connor v. State of New Jersey,*
    405 F.2d 632 (3d Cir. 1969) ........................................................... 10

*United States v. Abdullah,*
    905 F.3d 739 (3d Cir. 2018) ............................................................17

*United States v. Blair,*
    734 F.3d 218 (3d Cir. 2013) .......................................................11, 12

*United States v. Brasby,*
    2023 WL 2175740 (3d Cir. 2023) .................................................... 26

*United States v. Castleman,*
    572 U.S. 157 (2014) ........................................................................ 18

*United States v. Davis,*
    875 F.3d 592 (11th Cir. 2017) ..........................................................17

*United States v. Doctor,*
    842 F.3d 306 (4th Cir. 2016) .......................................................... 29

*United States v. Graves,*
    877 F.3d 494 (3d Cir. 2017) ...................................................... 25, 27

*United States v. Marrero,*
    743 F.3d 389 (3d Cir. 2014) ............................................................... 26

*United States v. Martinez-Hernandez,*
    932 F.3d 1198 (9th Cir. 2019) ........................................................... 28

*United States v. McCants,*
    952 F.3d 416 (3d Cir. 2020) ..................................................... 11, 12, 18

*United States v. Morris,*
    2022 WL 4389516 (E.D. Pa. 2022) ............................................. 24, 32

*United States v. Peppers,*
    899 F.3d 211 (3d Cir. 2018) ........................................................... 11, 12

*United States v. Ramos,*
    892 F.3d 599 (3d Cir. 2018) .................................................................. 17

*United States v. Riley,*
    574 F. Supp. 3d 248 (E.D. Pa. 2021) ........................................... 24, 32

*United States v. Scott,*
    14 F.4th 190 (3d Cir. 2021) ................................................................... 17

*United States v. Singleton,*
    252 F. Supp. 3d 423 (E.D. Pa. 2017) .................................................. 12

*United States v. Taylor,*
    142 S. Ct. 2015 (2022) ................................................................... 17, 20

*United States v. Walker,*
    595 F.3d 441 (2d Cir. 2010) .............................................................. 26

*United States v. Williams,*
    2022 WL 2448284 (6th Cir. 2022) ................................................... 29

*United States v. Wilson,*
    880 F.3d 80 (3d Cir. 2018) ............................................................. 9, 17

*United States v. Yates*,
   866 F.3d 723 (6th Cir. 2017) ............................................................. 27

## Statutes

18 U.S.C. § 841(c) ..................................................................... 10

18 U.S.C. § 922(g)(1) .................................................................. 3

18 U.S.C. § 3231 ........................................................................1

18 U.S.C. § 3553(a) .................................................................... 6

18 U.S.C. § 3742 ........................................................................1

26 U.S.C. § 5845(a) ................................................................... 10

28 U.S.C. § 1291 ........................................................................1

Cal. Penal Code § 211 ............................................................... 28

Colo. Rev. Stat. § 18-4-301 ....................................................... 28

Del. Code § 251(b) .................................................................... 29

Haw. Rev. Stat. § 708-841(c) ..................................................... 28

Ind. Code § 35-42-5-1 ............................................................... 29

Kan. Stat. § 21-5420(a) ............................................................. 29

Ky. Rev. § 515.030 .................................................................... 29

Me. Rev. Stat. § 651(1)(A) ......................................................... 28

Mont. Code § 45-2-103 .............................................................. 28

Mont. Code § 45-5-401 .............................................................. 28

MPC § 222.1(1), 2.02(3) ........................................................... 30, 34

N.J. Stat. § 2C:12-3(a) (1981) ........................................................21

Tex. Penal Code § 29.02(a)(1) ....................................................... 28

U.S.S.G. § 2K2.1(a) ........................................................... 2, 4, 8, 9

U.S.S.G. § 4B1.2 ................................................................... 4, 5

U.S.S.G. § 4B1.2(a) ................................................................ 4, 9

U.S.S.G. § 4B1.2(a)(1) ............................................................. 18

U.S.S.G. § 4B1.2(a)(2) ............................................................. 26

18 Pa. Cons. Stat. § 302(c) ........................................................19

18 Pa. Cons. Stat. § 2301........................................................... 23

18 Pa. Cons. Stat. § 2706(a)(3) ................................................... 24

18 Pa. Cons. Stat. § 3701(a)(1)(ii) .........................................passim

# JURISDICTIONAL STATEMENT

## I. Subject Matter Jurisdiction

Because the defendant was charged in an indictment with a violation of federal criminal law, the district court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231.

## II. Appellate Jurisdiction

Based upon the timely filing of a notice of appeal from the order of judgment in a criminal case entered on August 25, 2022, this Court has jurisdiction over this matter under 28 U.S.C. § 1291. In addition, this Court has jurisdiction pursuant to 18 U.S.C. § 3742 to review the sentence imposed on the defendant.

## STATEMENT OF ISSUE

Did the district court err in holding that robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii) is a "crime of violence" under USSG §§ 2K2.1(a) and 4B1.2(a)?

## STATEMENT OF THE CASE

### I. Procedural History

On May 6, 2021, a grand jury in the Eastern District of Pennsylvania returned an indictment of appellant Darron Henderson, charging him with one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Appx10-11, 15. On February 17, 2022, Henderson pled guilty to the sole count of the indictment without a plea agreement. Appx19, 22.

On August 25, 2022, the district court imposed a sentence of five years' imprisonment, a term of supervised release of three years, and a special assessment of $100. Appx3-4. Henderson filed a timely appeal of his sentence. Appx1.

### II. Statement of Facts

On December 10, 2019, police officers stopped Henderson for driving an unregistered vehicle with a broken brake light in Yeadon, Pennsylvania. PSR ¶ 14. Officers searched the vehicle after smelling marijuana and discovered a Taurus G2C semi-automatic firearm loaded with 13 rounds of live ammunition. PSR ¶ 12. The gun had an obliterated serial number. *Id.* Officers arrested Henderson, a convicted robber, for possessing a firearm as a felon. *See* PSR ¶ 5.

On February 13, 2012, Henderson was convicted of committing robbery in Darby, Pennsylvania, in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii). Appx100-106; PSR ¶ 35. In the instant case, the United States Probation Office found the robbery constituted a "crime of violence," as defined in USSG § 4B1.2(a), increasing the base offense level under Section 2K1.(a).[1] Henderson objected. *See* PSR at page 25. However, prior to his sentencing hearing, Henderson never argued – either in his objections to the presentence investigation report or in his sentencing memorandum – that Pennsylvania's robbery statute is indivisible. *See* PSR at pages 25-27; Appx49-55. In fact, Henderson's counsel stated at sentencing that "we . . . concede that . . . the Pennsylvania robbery statute is divisible[.]" Appx116. The government argued in its sentencing memorandum that the statute is divisible, Appx60, and the district court properly considered *Shepard* documents to ascertain that Henderson was convicted of violating Section 3701(a)(1)(ii), *see id*.

On August 3, 2022, the government filed its sentencing memorandum and argued that Section 3701(a)(1)(ii) is a "crime of violence" under USSG § 4B1.2. Appx59-73. On August 4, 2022, Henderson filed his

---

[1] The PSR also stated that Henderson's prior conviction for resisting arrest also qualified as a crime of violence. At sentencing, the district court disagreed, and that issue is not presented in this appeal.

sentencing memorandum and took an opposing position as to whether subsection (ii) robbery is a "crime of violence." Appx50-52. The next day, after considering both memoranda and the presentence investigation report, the district court preliminarily held that Henderson's "conviction for robbery meets the definition of 'crime of violence' pursuant to USSG § 4B1.2." Appx107. The court stated that subsection (ii) "has 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" Appx109 (quoting USSG § 4B1.2). The district court reasoned that the language of subsection (ii) "requires the purposeful use or threat of physical force against another." *Id.* It then stated that it would hear further argument on the issue at sentencing. *See id.*

On August 25, 2022, the district court held a sentencing hearing for Henderson. During the hearing, defense counsel admitted that "the robbery conviction under Pennsylvania Robbery Statute 3701(a)[(1)](ii), which the defense concedes, the *Shepard* documents clearly indicate that he was convicted of that particular subsection." Appx116. The court then held that subsection (ii) robbery is a crime of violence. Appx120-21. Given the district court's conclusion, the parties agreed that Henderson's guidelines imprisonment range was 57-71 months' incarceration. Appx123. The court

then analyzed the factors set forth by 18 U.S.C. § 3553(a) and imposed a 60-month term of incarceration on Henderson. Appx156.

## STATEMENT OF RELATED CASES

The government is not aware of any other related case or proceeding that is completed, pending, or about to be presented before this Court or any other court or agency, state or federal. However, the legal issue presented in this appeal is pending in a number of other matters, including *United States v. Harris*, No. 17-1861; *United States v. Steele*, No. 22-1391; and *United States v. Cann*, No. 22-2525 (in relation to the Armed Career Criminal Act elements clause).

## SUMMARY OF ARGUMENT

The defendant's prior conviction for robbery, in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii), qualifies as a "crime of violence" under USSG §§ 2K2.1(a) and 4B1.2(a). Henderson's argument (that he withdrew at sentencing, but now attempts to revive) that this provision is not divisible from other non-qualifying subsections has been repeatedly rejected by this Court. And the subsection standing alone categorically qualifies under the guideline definition, both under its elements clause and as an enumerated offense.

# ARGUMENT

## ROBBERY IN VIOLATION OF 18 PA. CONS. STAT. § 3701(a)(1)(ii) IS A "CRIME OF VIOLENCE" UNDER USSG 2K1.1(a) AND 4B1.2(a)

### Standard of Review

This Court exercises "plenary review over a district court's decision that a conviction is one for a crime of violence, as defined by the guidelines . . . ." *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018).

### Discussion

Appellant Darron Henderson asserts that the district court erred in concluding that a prior robbery conviction qualified as a "crime of violence," affecting the guideline calculation under USSG § 2K1.1(a). He is incorrect.

The controlling definition of "crime of violence" appears in USSG § 4B1.2(a):

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or

unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

The first of these provisions is the "elements clause." The second is the "enumerated clause." The robbery offense at issue here qualifies as a "crime of violence" under both.

### A.    The Pennsylvania Robbery Statute is Divisible.

The parties agree that Henderson's prior robbery offense was entered under 18 Pa. Cons. Stat. § 3701(a)(1)(ii). However, Henderson initially argues that this provision is not divisible from the other robbery crimes described in Section 3701(a)(1), and that the definition of robbery presented in the full statute is categorically overbroad in relation to the guideline definition of "crime of violence." He expressly withdrew this argument at sentencing, Appx116, and thus it is waived, *United States ex rel. O'Connor v. State of New Jersey*, 405 F.2d 632, 634 n.2 (3d Cir. 1969) ("an intentional relinquishment or abandonment of a known right or privilege" is a waiver), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

The contention is without merit in any event. Subsection (ii) is part of the first-degree felony portion of the robbery statute, that states in full:

A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; [or]

(iii) commits or threatens immediately to commit any felony of the first or second degree[.]

This Court has decisively and repeatedly held that these subsections are divisible for purposes of application of the categorical approach. The Court first so concluded in *United States v. Blair*, 734 F.3d 218, 225 (3d Cir. 2013), and then repeated this conclusion in *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018), stating: "Given the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible and, therefore, a sentencing court can properly look to the kinds of documents listed by the Supreme Court in . . . *Shepard* to determine which subsection was the basis of [the defendant's] prior convictions." *Peppers*, 899 F.3d at 232, citing *Blair*.

The Court reaffirmed this conclusion in *United States v. McCants*, 952 F.3d 416 (3d Cir. 2020), addressing the materially identical wording of the New Jersey robbery statute. The Court explained: "But the statute does not identify an individual element of which subsections (a)(1)-(3) are mere examples—it states no overarching genus of which they are species. Instead, it lists in the disjunctive three separately enumerated, alternative elements

of robbery." *Id.* at 426. And the Court rejected the argument nevertheless

repeated by Henderson, that the Supreme Court's decision in *Mathis*,

affirming the distinction between means and elements, undermines this

Court's consistent view since *Blair*. In *McCants*, the Court stated:

> This analysis parallels our decision in *United States v. Blair*, 734 F.3d
> 218 (3d Cir. 2013), where we held that Pennsylvania's similar robbery
> statute was divisible because of its "clearly laid out alternative
> elements." *Id.* at 225. McCants argues that our reasoning in *Blair* has
> been abrogated by *Mathis*. But this argument is a nonstarter because
> earlier this year we reaffirmed that the Pennsylvania robbery statute
> is divisible. *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018)
> (citing *Mathis*, 136 S. Ct. at 2256; *Blair*, 734 F.3d at 225).

*McCants*, 952 F.3d at 426.[2]

We note for purposes of completeness that the materials cited by

Henderson do not show otherwise, and in any way undermine this Court's

conclusion that the statute presents divisible provisions. *See* Br. 29.[3]

In *Com. v. Prosdocimo*, 578 A.2d 1273 (Pa. 1990), that Henderson

cites, the court did not focus at all on the propriety of the definition of

---

[2] And indeed, *Mathis* did not break new ground. Its explanation of
the distinction between means and elements was based in part on the 2013
decision in *Descamps*, which *Blair* consulted. *See Mathis*, 579 U.S. at 514-
16.

[3] Henderson cites *United States v. Singleton*, 252 F. Supp. 3d 423,
432 (E.D. Pa. 2017), that held the first-degree robbery provision indivisible.
That decision was plainly abrogated by the subsequent Third Circuit
decisions in *Peppers* and *McCants*, and is unpersuasive for the reasons
stated here.

robbery. The defendant was convicted of felony murder, and the question presented was whether the instructions sufficiently explained that the predicate felony was robbery, not mere theft. In this context, the Supreme Court did not address at all whether the trial court's summary description of robbery (including "that the Defendant or his accomplice inflicted or threatened to inflict serious bodily harm to Gary DeStefano during the commission of a felony") was accurate. Further, even that brief description does not demonstrate that the provisions state means rather than elements. In truth, the instruction is consistent with the conclusion that infliction of bodily injury and threat of bodily injury are separate elements, that the state may prove in the alternative.

In *Com. v. Rivera*, 2013 WL 11287687 (Pa. Super. Ct. 2013) (not precedential), also cited by Henderson, the court instructed the jury as follows:

> In order to find [Appellant] guilty of robbery you must be satisfied that the following elements have been proven beyond a reasonable doubt: First, that [Appellant] inflicted serious bodily injury on the victims or threatened the victims with immediate serious bodily injury or intentionally put them in fear of immediate serious bodily injury or threatened to immediately commit the crime of murder; second that [Appellant] did so in the course of committing a theft.

*Id.* at *5. The defendant did not challenge this definition; its propriety was not addressed by the court (the issue presented was the propriety of

including the word "murder"). But notably, this instruction also does not defeat the view that the crime presents separate elements. The court stated that the jury had to find that the defendant "inflicted serious bodily injury on the victims *or* threatened the victims with immediate serious bodily injury *or* intentionally put them in fear of immediate serious bodily injury *or* threatened to immediately commit the crime of murder" (emphasis added). That statement is as appropriate if the crime presents separate elements as if it presented separate means. In either event, the jury would be required to find only one alternative. None of this contradicts the Third Circuit's conclusion that the type of harms described are different elements, not separate types of the same harm. The crime would state means rather than elements only if the jury were instructed that it need not be unanimous as to which of the alternatives was proved. No such instruction was described or approved in the appellate court decision.

Finally, *Com. v. Payne*, 868 A.2d 1257, 1262 (Pa. Super. Ct. 2005), cited by Henderson, Br. 13, in truth strongly supports the government's position. There, the defendant was charged with robbery under subsections (i) and (ii), and the jury did not state which provision was the basis of the conviction. The Superior Court, presented with the question of whether this crime merged with a separate conviction for aggravated assault, stated:

"The difference is indeed important since the offense gravity score affixed to a § 3701(a)(1)(i) robbery is higher than for the § 3701(a)(1)(ii) variety. For our purposes, however, the answer is elementary: the trial judge made it clear that appellant was being sentenced under § 3701(a)(1)(i)." *Id.* at 1262. The decision makes clear that these are separate offenses.

The form jury instructions suggested by a Pennsylvania publisher for first-degree felony robbery do not demonstrate otherwise. They suggest (with respect to crimes committed before 2014):

> The defendant has been charged with robbery. To find the defendant guilty of this offense, you must find that the following two elements have been proven beyond a reasonable doubt:
>
> First, that the defendant:
>
> [a. inflicted serious bodily injury on the victim; [or]
>
> b. threatened the victim with serious bodily injury; [or]
>
> c. intentionally put the victim in fear of immediate serious bodily injury; [or]
>
> d. committed or threatened to immediately commit the felony of [type of crime]; [and] . . . .
>
> Second, that the defendant did this during the course of committing a theft.

Pennsylvania Bar Institute, Pennsylvania Suggested Standard Jury Instructions (Crim.) § 15.3701A. This suggestion does not demonstrate at all that the statute provides means rather than elements. It correctly states

that there are two elements: (1) one of the acts described in subsections (i) through (iii), that (2) was committed during a theft. As stated earlier, the crime would state means rather than elements only if the jury were instructed that it need not be unanimous as to which of the alternatives was proved. The form instructions present no such statement, nor does any such statement appear in any state decision either party has located.

In sum, this Court's conclusion that the first-degree robbery provision is divisible is both correct and binding. Henderson here was convicted under subsection (ii), and we therefore turn to the dispositive question of whether that offense qualifies as a crime of violence.

### B.    Subsection (ii) Robbery Qualifies Under the Elements Clause.

Subsection (ii) provides that: "A person is guilty of robbery if, in the course of committing a theft, he: . . . (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury . . . ." This crime categorically qualifies as a "crime of violence" under the 4B1.2(a)(1) elements clause, as it categorically requires the threatened use of physical force against the person of another.

With respect to the elements clause (a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another"), the Third Circuit explained:

To determine whether a previous conviction is a predicate offense pursuant to the elements clause of the career-offender enhancement in § 4B1.2(a)(1), we must undertake what is called the "categorical approach," which is an analysis comparing the guidelines' definition of "crime of violence" to the elements of the statute under which the defendant was previously convicted. *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018). "If the statute forming the basis of the defendant's conviction necessarily has" as an element "the use, attempted use, or threatened use of physical force against another person[,]" then that "statute proscribes a predicate crime of violence within the meaning of the [g]uidelines." *United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018).

Under the categorical approach, we "ignore the actual manner in which the defendant committed the prior offense" and "presume that the defendant did so by engaging in no more than 'the minimum conduct criminalized by the state statute.'" *Id.* (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

*United States v. Abdullah*, 905 F.3d 739, 744 (3d Cir. 2018).[4]

---

[4] We accordingly are required to engage in the exhaustive analysis presented above, despite the undisputed fact that Henderson unquestionably committed a violent crime – with two confederates, he accosted and robbed a pizza delivery driver at gunpoint. But under applicable precedent, we cannot avoid this "byzantine and resource-depleting legal doctrine that so encumbers federal courts and threatens public safety." *United States v. Taylor*, 142 S. Ct. 2015, 2027 (2022) (Thomas, J., dissenting). *See United States v. Scott*, 14 F.4th 190, 200-02 & nn.6-24 (3d Cir. 2021) (Phipps, J., dissenting) (providing a lengthy compendium of the unflattering descriptions and pejorative labels justices and judges have assigned to this doctrine). "So here we go down the rabbit hole again to a realm where we must close our eyes as judges to what we know as men and women. It is a pretend place in which a crime that the defendant committed violently is transformed into a non-violent one because other defendants at other times may have been convicted, or future defendants could be convicted, of violating the same statute without violence. Curiouser and curiouser it has all become, as the holding we must enter in this case shows. Still we are required to follow the rabbit." *United States v. Davis*, 875 F.3d 592, 595 (11th Cir. 2017) (applying the categorical

Addressing the robbery offense, Henderson's first claim is that the statute may be violated by a slight and nonviolent "snatch," and therefore does not involve "physical force." That is plainly incorrect.

Subsection (ii) requires proof of a threat of "serious bodily injury." That equates to a requirement of "physical force" as stated in the guideline definition. Addressing the ACCA elements clause in *Johnson v. United States*, 559 U.S. 133 (2010), the Court defined "physical force" as "force capable of causing physical pain or injury to another person." *Id.* at 140. Enforcing that view in *United States v. Castleman*, 572 U.S. 157 (2014), the Supreme Court explained that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Id.* at 169. Thus, in *United States v. McCants,* 952 F.3d 416, 428 (3d Cir. 2020), the Court held that the identical robbery provision in New Jersey to that at issue here qualifies as a "crime of violence" under the same elements clause in USSG. § 4B1.2(a)(1).

Henderson's second objection warrants more discussion. He argues that subsection (ii) does not qualify under the elements clause, in light of the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817

---

approach and finding that a state sexual assault crime was not a violent felony).

(2021), if it may be committed with reckless mens rea. *Borden* held that

such an offense does not categorically involve the "use of physical force

against the person of another," and therefore does not categorically qualify

as a "violent felony." This is also incorrect.

To be sure, other Pennsylvania robbery provisions do not qualify for

this reason. For instance, a violation of subsection (i) of Section 3701(a)(1)

("inflicts serious bodily injury upon another") does not qualify as an ACCA

violent felony, as it may be committed recklessly. That provision does not

identify the required mens rea, and a default provision in Pennsylvania law

provides that where a criminal statute does not present a mens rea

requirement for an element of an offense, the law provides a minimum

mens rea of recklessness. *See* 18 Pa. Cons. Stat. § 302(c) ("When the

culpability sufficient to establish a material element of an offense is not

prescribed by law, such element is established if a person acts intentionally,

knowingly or recklessly with respect thereto."). State court decisions

confirm that subsection (i) may be violated recklessly. *See, e.g.*, *Com. v.*

*Robinson*, 549 A.2d 977, 978 (Pa. Super. 1988) (where the defendant swung

the victim around while grabbing her handbag, and she fell, the offenses of

subsection (i) robbery and recklessly endangering another person merged);

*Com. v. Payne*, 868 A.2d 1257, 1263 (Pa. Super. 2005).

But this conclusion does not apply to subsection (ii), at issue here. The question is one of statutory interpretation, and legislative intent. "Whether a given statute is to be construed as requiring criminal intent is to be determined by the court, by considering the subject matter of the prohibition as well as the language of the statute, and thus ascertaining the intention of the legislature." *Com. v. Mayfield*, 832 A.2d 418, 427 (Pa. 2003) (quoting *Com. v. Black*, 380 A.2d 911, 913 (Pa. Super. 1977)).

Here, the statutory language is explicit in imposing an intent requirement for at least part of the subsection ("intentionally puts him in fear of immediate serious bodily injury"), and that requirement logically extends to the entire provision ("threatens another with or intentionally puts him in fear of immediate serious bodily injury"). Indeed, the U.S. Supreme Court explained, "in the criminal law the word 'threat' and its cognates usually denote '[a] communicated intent to inflict physical or other harm on any person or on property.'" *United States v. Taylor*, 142 S. Ct. 2015, 2022 (2022) (citing a variety of consistent dictionary definitions). And moreover, "[w]here a statute specifies the mens rea, courts ordinarily interpret it as applying throughout the statute . . . ." *Larios v. Att'y Gen. United States*, 978 F.3d 62, 71 (3d Cir. 2020). In *Larios*, the Court held that a recklessness mens rea applied to all parts of a state terroristic threats

statute, where a mens rea of reckless disregard was expressly stated with regard to one part. *Id*.[5] Here, the same analysis directs the conclusion that any violation of subsection (ii) requires intentional conduct. That comports with a natural reading of the provision; issuance of a "threat" to inflict "immediate serious bodily injury" plainly suggests volitional, intentional conduct.

Thus, Pennsylvania decisions consistently describe the subsection (ii) offense as requiring proof of intent. In *Com. v. Fisher*, 2015 WL 9306912 (Pa. Super. 2015), for example, the court compared the robbery offense in subsection (ii) with a separate charge of terroristic threats, which has a recklessness element, and stated: "That robbery includes an additional element of fear of serious bodily injury and a greater mens rea of intent rather than recklessness suggests it is a greater offense of terroristic threats." *Id.* at *14.

Consistently, *Commonwealth v. Thomas*, 546 A.2d 116 (Pa. Super. Ct. 1988), holds that the "proper focus under the statute in determining the

---

[5] The statute at issue provided: "A person is guilty of a crime of the third degree if he threatens to commit any crime of violence with the purpose to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience." *Larios*, 973 F.3d at 68 (quoting N.J. Stat. § 2C:12-3(a) (1981)).

type of bodily harm threatened is on the defendant's intent and actions." *Id.* at 118-19; *see also Commonwealth v. Ouch*, 199 A.3d 918, 924 (Pa. Super. Ct. 2018); *Commonwealth v. Spurell*, 2016 WL 3223653, at *21 (Pa. Super. Ct. 2016). In *Thomas*, a defendant convicted of first-degree robbery after threatening victims with a purported gun argued that he was entitled to an instruction on the lesser-included offense of second-degree robbery because he did not actually have a gun and therefore threatened only "bodily injury" rather than "serious bodily injury." 546 A.2d at 117. The court concluded that the defendant was not entitled to the lesser-included instruction because he "was clearly aiming to instill in his victims the highest degree of fear" and he "did not simply intend that the victims' fear of some bodily injury would prevent resistance; rather, he relied on the threat of a deadly weapon to insure compliance." *Id.* at 118. In holding that the difference between first- and second-degree robbery turns on the type of bodily harm the defendant intended to threaten, *Thomas* make clear that intent itself is an element.

Consistent with these declarations of state appellate courts, in reviewing reported Pennsylvania decisions, we have not located any case in which a conviction premised on subsection (ii) rested on a reckless threat. We cannot even conceive a hypothetical example that would suffice,

assuming the statutory language allowed it (which it does not). It should be recalled that one element of the crime is that the defendant acted "in the course of committing a theft." Under Pennsylvania law, "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa. Cons. Stat. § 3921(a); *see* Pennsylvania Standard Jury Instructions (Criminal) § 15.3701A (requiring an instruction in a robbery case regarding this definition of theft). So subsection (ii) requires proof that the defendant, while acting with intent to deprive another person of property, stated a threat to inflict "immediate serious bodily injury" (defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ," 18 Pa. Cons. Stat. § 2301). It is not conceivable that such conduct may occur recklessly. There accordingly is no published example of such a prosecution, confirming the statutory reading presented here.[6]

---

[6] The only provisions in state law that refer to recklessness in connection with a threat involve statements that cause public disorder, the classic example being the cry of fire in a crowded theater. Part of the Pennsylvania terroristic threats statute, for instance, applies to one who communicates a threat to "otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience." 18 Pa. Cons. Stat.

In a thorough, scholarly opinion, *United States v. Riley*, 574 F. Supp. 3d 248 (E.D. Pa. 2021) (Beetlestone, J.), the court agreed with the analysis presented here and held that robbery in violation of subsection (ii) requires proof of intent, not mere recklessness, and therefore satisfies the elements clause. *Id.* at 263-65.[7]

Henderson states that the robbery offense may be reckless because it may rest on an implicit threat. Br. 24-25. But that has nothing to do with whether intent is required. An implicit threat, such as simulating the presence of a gun in a pocket in order to steal a victim's money, is no less intentional. The question is whether an offender may be held liable under subsection (ii) or (iv) for doing this recklessly. The statutory language states otherwise, and there is no reported Pennsylvania decision allowing a conviction on such a basis.

---

§ 2706(a)(3). The robbery statute concerns a far more direct threat to inflict immediate serious bodily injury, while trying to steal someone's property, all of which connotes intentional conduct.

[7] Judge Pratter recently agreed, *United States v. Morris*, 2022 WL 4389516, at *4-5 (E.D. Pa. Sept. 21, 2022), as did Judge Diamond, *United States v. Crump*, No. 17-150, ECF 96, mem. op. at 5-7 (E.D. Pa. Nov. 2, 2022).

In sum, robbery in violation of subsection (ii) is a "crime of violence" under the elements clause. It requires in each instance the intentional threat of physical force against the person of another, and the defendant's prior crime therefore qualifies.

### C.    Subsection (ii) Presents a "Crime of Violence" Under the "Elements Clause."

The offense at issue also separately qualifies as a "crime of violence" under the "enumerated clause," § 4B1.2(a)(2), that explicitly lists "robbery" as a crime of violence.

In challenging this proposition, Henderson again blurs the various provisions of the robbery statute. As stated above, however, the conviction in this case squarely rested on subsection (ii), which explicitly requires a threat of physical force. This crime qualifies under the enumerated clause as well, and that is true even if, contrary to the argument above, mens rea of recklessness suffices.

In applying the enumerated clause, "we compare the elements of the state offense, forming the basis of the defendant's conviction, with the elements of the 'generic' crime." *United States v. Graves*, 877 F.3d 494, 501 (3d Cir. 2017). "To identify the elements of the generic offense of robbery, we will examine the Model Penal Code (MPC), state laws, and learned treatises." *Id.* at 502. This examination reveals that the generic offense of

"robbery," to which the enumerated clause refers, includes a crime in which the offender is reckless in the use of force. That means that, even if the mens rea of recklessness applies to the entire Pennsylvania robbery statute, including subsection (ii), the Pennsylvania crime of "robbery," not surprisingly, is also "robbery" under Section 4B1.2(a)(2).

"The Model Penal Code ('MPC') is 'an ideal starting point' for the categorical approach." *United States v. Brasby*, -- F.4th --, 2023 WL 2175740, at *7 (3d Cir. Feb. 23, 2023) (quoting *United States v. Marrero*, 743 F.3d 389, 400 (3d Cir. 2014)). The *Brasby* Court added:

> This Court has previously held that "the most important factor in defining the generic version of an offense is the approach of the majority of state statutes defining the crime." However, the Supreme Court recently indicated in *Esquivel-Quintana* that "this sort of multijurisdictional analysis . . . is not required by the categorical approach" but may nonetheless offer "useful context" to "shed light on the 'common understanding and meaning' of the federal provision being interpreted." We therefore hold that multijurisdictional surveys are not required under the categorical approach, though they will still often be helpful in determining the generic definition of an offense.

*Brasby*, *id.* at *8 (quoting *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1571 n.3 (2017)).

The generic definition of robbery is clear: "[A]ll fifty states define robbery, essentially, as the taking of property from another person or from the immediate presence of another person by force or by intimidation." *United States v. Walker*, 595 F.3d 441, 446 (2d Cir. 2010). "Generic

robbery constitutes the 'misappropriation of property under circumstances involving immediate danger to the person.' Most states require property to be taken from a person or a person's presence by means of force or putting in fear." *United States v. Yates*, 866 F.3d 723, 734 (6th Cir. 2017). *Accord United States v. Graves*, 877 F.3d 494, 502 (3d Cir. 2017).

The Pennsylvania offense at issue here – theft accompanied by a threat to inflict serious bodily injury – plainly matches the generic offense. (So do most other forms of robbery listed in Section 3701(a)(1).) Further, the Pennsylvania offense, consistent with the generic definition, requires proof of intent to commit a theft. The only question is whether the offender, who intends to commit a theft and causes or threatens bodily injury, may be reckless with respect to the use of force. The answer is yes.

A review of state laws does not provide a clear consensus regarding the mens rea element. It appears that as many states permit a robbery conviction on a recklessness theory as require proof of knowledge or intent with respect to the use of force.[8]

---

[8] There does not appear to be a consensus in state law regarding whether a robbery offense may be committed with a mens rea of recklessness (or less) as to the use of force. While the law in many states does not appear to yet be clearly established, it is apparent that many states take divergent views.

_____

Many states, like Pennsylvania, allow conviction for at least some types of robbery on a recklessness theory with regard to the force element. *See, e.g.*, *McElyea v. State*, 189 S.W.3d 67 (Ark. App. 2004), *aff'd*, 200 S.W.3d 881 (Ark. 2005) ("For purposes of the [**Arkansas**] robbery statute, it is immaterial whether a defendant ever intended to use physical force to further his escape; the word 'purpose' found within the robbery statute relates only to the acts of committing a felony or misdemeanor theft or resisting apprehension and does not provide that the employment of physical force or the threat thereof be purposeful."); *United States v. Martinez-Hernandez*, 932 F.3d 1198, 1203 (9th Cir. 2019) (explaining that the **California** robbery statute, Cal. Penal Code § 211, may be committed with an accidental use of force); Haw. Rev. Stat. § 708-841(c) (**Hawaii** statute providing a form of second-degree robbery where "[t]he person recklessly inflicts serious bodily injury upon another."); Me. Rev. Stat. tit. 17-A, § 651(1)(A) (**Maine** statute applying to one who "recklessly inflicts bodily injury on another"); *State v. Wright*, 608 S.W.3d 790, 796 (Mo. Ct. App. 2020) ("Theoretically, under [the **Missouri** second-degree robbery statute], a person could commit second-degree robbery by forcibly stealing property and injuring a person in the course thereof recklessly or with criminal negligence"); Mont. Code §§ 45-5-401, 45-2-103 (**Montana** statutes that, like Pennsylvania, copy the Model Penal Code provisions regarding first-degree felony robbery and a default minimum mens rea of recklessness); *State v. Tolliver*, 19 N.E.3d 870, 874 (Ohio 2014) (**Ohio** robbery statute does not require any proof of mens rea with regard to the use of force, only the required mental state for the predicate theft offense); Tex. Penal Code § 29.02(a)(1) (**Texas** robbery statute applies in part to one who "intentionally, knowingly, or recklessly causes bodily injury to another"); *State v. Wilkerson*, 738 S.E.2d 32, 38 (W. Va. 2013) (robbery in **West Virginia** is defined by the common law, and the intent to injure is not an element).

At the same time, many other states adopted statutes that require proof of intent or knowledge with respect to the use of force. *See, e.g.*, Colo. Rev. Stat. § 18-4-301 (**Colorado** statute providing that "[a] person who knowingly takes anything of value from the person or presence of another by the use of force, threats, or intimidation commits robbery"); *State v. Batista*, 922 A.2d 1116, 1124-25 (Conn. App. 2007) (upholding trial judge's instructions that under **Connecticut** statute jury must find defendant had specific intent to use force in order to "deprive another of property or to

But notably, the Model Penal Code permits a robbery conviction based on recklessness. In fact, the Pennsylvania first-degree felony provisions, subsections (i) through (iii) of Section 3701(a)(1), are almost a verbatim copy of the MPC definition of robbery, as is the provision

_____

overcome resistance"); Del. Code tit. 11, § 251(b) (**Delaware** statute applies where a "person uses or threatens the immediate use of force upon another person with intent to (1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft."); *State v. Belue*, 902 P.2d 489, 491 (Idaho 1995) ("The commission of [robbery under **Idaho** statute] requires an intent to take the victim's property by use of force or fear and the intent to permanently deprive the victim of the property."); Ind. Code § 35-42-5-1 (**Indiana** statute providing in part that "a person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery"); Kan. Stat. § 21-5420(a) (**Kansas** statute providing, "Robbery is knowingly taking property from the person or presence of another by force or by threat of bodily harm to any person"); *United States v. Williams*, -- F.4th --, 2022 WL 2448284, at *6 (6th Cir. July 6, 2022) (**Kentucky** second-degree robbery, Ky. Rev. Stat. § 515.030, requires proof of intent); *State v. Sewell*, 603 A.2d 21, 29 (N.J. 1992) ("'knowledge' is the requisite mental state for the injury/force element of robbery" under **New Jersey** law); *People v. Chessman*, 75 A.D.2d 187, 194, 429 N.Y.S.2d 224 (1980) (robbery in **New York** violation of N.Y. Penal Law § 160.00 requires the intentional use of force); *United States v. Doctor*, 842 F.3d 306, 311 (4th Cir. 2016) (determining that under the common law as applied in **South Carolina**, "the intentional taking of property, by means of violence or intimidation sufficient to overcome a person's resistance, must entail more than accidental, negligent, or reckless conduct."); *State v. Farley*, 290 N.W.2d 491, 493 (S.D. 1980) (under **South Dakota** law, robbery requires proof of intent; "there is no such thing as a robbery caused by reckless force.").

stipulating that recklessness is the default mens rea for criminal offenses. MPC §§ 222.1(1), 2.02(3).

And even more importantly, the common law clearly did not require proof of mens rea with respect to the use of force. At common law, a theft resulting in bodily injury to the victim constituted robbery. *See Stokeling v. United States*, 139 S. Ct. 544, 550 (2019) (citing 2 William Oldnall Russell, A Treatise on Crimes and Indictable Misdemeanors 68 (2d ed. 1828) (explaining that "if any injury be done to the person, . . . there will be a sufficient actual 'violence'" to establish robbery); Wm. L. Clark & Wm. L. Marshall, A Treatise on the Law of Crimes 553 (Herschel Boutonv Lazell ed., 2d ed. 1905) ("If there is any injury to the person of the owner, . . . there is sufficient violence to make the taking robbery[.]")). That was true regardless of whether the defendant intended the injury; the common law required only that the theft be accompanied by a felonious intent to deprive an owner of his property. *See* Russell 64; Clark 559; 4 William Blackstone, Commentaries on the Laws of England 239, 242 (1769). *See also State v. Sewell*, 603 A.2d 21, 25 (N.J. 1992) ("the common law did not place separate or discrete significance on the culpability associated with the assaultive aspect of robbery.").

Notably, in *Stokeling v. United States*, 139 S. Ct. 544 (2019), the Court explained the significance of reliance on the common law in determining the amount of force sufficient for a robbery crime to constitute a "violent felony" under ACCA. The Court recounted that the original version of ACCA, in 1984, enumerated only "robbery" and "burglary" as predicate crimes. The statute defined "robbery" as "any felony consisting of the taking of the property of another from the person or presence of another by force or violence," a definition that "mirrored the elements of the common-law crime of robbery . . . ." *Id.* at 550.

Reasoning that "Congress is understood to legislate against a background of common-law principles," *id.* at 551 (quoting *Samantar v. Yousuf*, 560 U.S. 305, 320 n.13 (2010) (quotation marks removed)), the *Stokeling* Court concluded that Congress' reference to "robbery" imported the common law requirement with respect to the required quantum of force, that is, "[s]ufficient force must be used to overcome resistance . . . however slight the resistance." *Stokeling*, 139 S. Ct. at 551 (quoting Clark 553). And the Court then held that when, in 1986, Congress significantly expanded the ACCA definition to apply to any offense presenting an element of "physical force," it must be understood to have transferred the original requirement with respect to the quantum of force. The Court

further noted that robbery is "the quintessential ACCA-predicate crime,"
*id.*, and concluded: "By replacing robbery as an enumerated offense with a
clause that has 'force' as its touchstone, Congress made clear that 'force'
retained the same common-law definition that undergirded the original
definition of robbery adopted a mere two years earlier. That conclusion is
reinforced by the fact that the original 1984 statute defined 'robbery' using
terms with well-established common-law meanings," *id.* at 551-52.

This analysis buttresses the propriety of looking to the common law
here to define the generic crime of "robbery" with respect to the required
mens rea.

As noted earlier, in *United States v. Riley*, 574 F. Supp. 3d 248 (E.D.
Pa. 2021) (Beetlestone, J.), the court held that robbery in violation of
subsection (ii) requires proof of intent, not mere recklessness, and
therefore satisfies the elements clause. *Id.* at 263-65. It further determined
that the crime falls within the enumerated clause as well, as generic robbery
may involve recklessness, and thus subsection (ii) requires a greater mens
rea than would suffice. *Id.* at 265-66. *Accord United States v. Morris*, 2022
WL 4389516, at *5-6 (E.D. Pa. Sept. 21, 2022) (Pratter, J.); *United States v.
Crump*, No. 17-150, ECF 96, mem. op. at 5-7 (E.D. Pa. Nov. 2, 2022).

It also bears recalling that, in interpreting the identical "elements clause" of ACCA, the Supreme Court has suggested that it should not be construed in a manner that eliminates the possibly applicable offenses in numerous states. "Where, as here, the applicability of a federal criminal statute requires a state conviction, we have repeatedly declined to construe the statute in a way that would render it inapplicable in many States." *Stokeling*, 139 S. Ct. at 552. *See also Quarles v. United States*, 139 S. Ct. 1872, 1879 (2019) ("We should not lightly conclude that Congress enacted a self-defeating statute.").

A finding that a robbery that may be committed with reckless mens rea as to the use of force is not a "crime of violence" would remove from application of the Guidelines the statutes in possibly dozens of states that address the "quintessential" violent crime of robbery. That is an inappropriate result, clearly at odds with the aim of the Sentencing Commission to premise sentencing enhancements on this traditionally violent crime.

In a final effort to nevertheless achieve this result, Henderson argues that the Pennsylvania crime differs from the generic offense in other respects. First, he states that in Pennsylvania, the theft need not be "from the person or presence of another." Br. 30. For that proposition, he cites

only *Com. v. Kesting*, 417 A.2d 1262, 1269 (Pa. Super. 1979), but it does not state that conclusion. *Kesting* merely stated that there need not be exact contemporaneity of the assault and the theft; that does not mean that the theft does not occur from the victim's person or presence.

Second, Henderson objects that under Pennsylvania law, the assault may occur at any point in the commission of the crime, including after the literal snatching of the property, in order to retain it or escape. Br. 31. But that fact rests on the literal terms of the Model Penal Code, that this Court has made clear is sufficient to establish the generic comparison for purposes of the applicable categorical approach, that was copied verbatim by Pennsylvania legislators. *See* MPC § 222.1(1) ("A person is guilty of robbery if, in the course of committing a theft . . . .").

For all of these reasons, as explained earlier, robbery in violation of subsection (ii) requires intentional conduct, and stands as a "crime of violence" under the "elements clause"; and even if that is not true, this crime along with other forms of robbery in Pennsylvania, that may be committed with reckless mens rea as to the use of force, falls within the generic definition of robbery and therefore qualifies as a "crime of violence" under the enumerated clause.

# CONCLUSION

For the reasons stated above, the government respectfully requests that the judgment of the district court be affirmed.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals
Pa. Bar No. 58126


*/s Michael R. Miller*
MICHAEL R. MILLER
Assistant United States Attorney
Pa. Bar No. 315759


United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8312

## CERTIFICATION

1. The undersigned certifies that this brief contains 7,403 words, exclusive of the table of contents, table of authorities, signature block, and certifications, and therefore complies with the limitation on length of a brief stated in Federal Rule of Appellate Procedure 32(a)(7)(B).

2. I hereby certify that the electronic version of this brief filed with the Court was automatically scanned by OfficeScan Real-Time Scan Monitor, version 10.5, by Trend Micro, and found to contain no known viruses. I further certify that the text in the electronic copy of the brief is identical to the text in the paper copies of the brief filed with the Court.

/s Michael R. Miller
MICHAEL R. MILLER
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that this brief has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

Caroline G. Cinquanto, Esq.
2 Greenwood Square, Suite 450
3331 Street Road
Bensalem, PA  19020

*/s Michael R. Miller*
MICHAEL R. MILLER
Assistant United States Attorney

DATED:  March 13, 2023.